COPY FOR USDC CLERK
Poor Quality Original

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D
MAY 2 7 2009
CLERK'S OFFICE
DETROIT

08-14283

JAMES CUNNINGHAM,

    Petitioner,

USDC CN 5:08-CV-14283

HONORABLE JOHN CORBETT O'MEARA
USDC JUDGE

v

HONORABLE PAUL J KOMIVES
USDC MAGISTRATE JUDGE

MARY BERGHUIS,

    Respondent.
_____/

***VERIFIED PLEADING

MONDAY, MAY 18, 2009

## RESPONSE BY PETITIONER

## TO RESPONDENT'S ANSWER OPPOSING HABEAS CORPUS RELIEF

(A) PRELIMINARY STATEMENT

(1)  During October of 2008, this Court filed Petitioner's first and timely 28 USC 2254 PETITION FOR A WRIT OF HABEAS CORPUS.[1]

(2)  This Court filed Respondent's 4-28-09 dated ANSWER which opposes that habeas corpus writ.

---

FOOTNOTE 1:  The Michigan Court of Appeals denied Petitioner's appeal-of-right on 11-15-07 regarding the four GROUNDS in this habeas corpus writ. The Michigan Supreme Court issued a 3-24-08 dated order which affirmed that denial.

(3)   Petitioner now submits a RESPONSE to that ANSWER pursuant to 28 USC 2248.[2]

(B)   NATRUE OF OFFENSES

(4)   The only criminal charges that this habeas corpus writ focuses on are Petitioner's jury-convictions of kidnapping and felony-murder.

(a)   Those two convictions are based on the kidnapping and felony-murder of Ryan Rich by five other people.

(b)   Petitioner was not convicted of having directly committed any act which resulted in the kidnapping or felony-murder of Mr Rich.

(c)   Instead, Petitioner was convicted of having merely aided and abetted the kidnapping and felony-murder of Mr Rich by those five other persons.

(d)   Petitioner never contested the fact that he initially

---

FOOTNOTE 2:   That ANSWER inexcusably fails to conform with the 'numbered paragraphs' requirement of FRCP Rule 10(b). Also, that ANSWER presents insufficient defenses (e g: no legal citation for "Kimball, supra at 278-280" on page 11 of that ANSWER). Consequently, that ANSWER can be stricken from this Court's record pursuant to FRCP Rule 12(f)(2).

agreed with those five other people that Mr Rich should be physically punished for being a police informant.

(e) Nor has Petitioner ever contested the fact that he briefly wrestled Mr Rich to the ground on the day that Mr Rich was kidnapped and murdered by those five other people.

(f) No evidence was adduced at trial that Petitioner knew that Mr Rich would be tied-up by any of those five other people.

(g) Evidence was adduced at trial established that Petitioner only knew that Mr Rich would be physically beaten by those five other persons.

(h) In its ANSWER, Respondent falsifies the claim that trial evidence was adduced to establish that Petitioner helped hold Mr Rich so that Mr rich would be tied-up by those other five persons.

(i) Before Mr Rich was kidnapped and murdered by those five other persons, Petitioner decided to not participate in the physical punishment of Mr Rich and decided to not even watch that physical punishment.

(j) Prior to when Mr Rich was physically assaulted by any of those five other persons, Petitioner washed his hands of the entire

matter by totally disassociating himself from the violent intentions possessed by those five other persons and by resultingly leaving the location where Mr Rich was tied-up.

(k) The prosecution's case-in-chief theorized that Petitioner is guilty of aiding and abetting the kidnapping of Mr Rich and his murder supposedly because Petitioner helped create a violent situation by having agreed that Mr Rich should be physically punished.

(l) Too, the prosecution theorized that Petitioner aided and abetted the kidnapping and felony-murder of Mr Rich by having wrestled Mr Rich to the ground, by having failed to protect Mr Rich and by having failed to diffuse the situation before Mr Rich was physically assaulted.

(m) Petitioner argued during trial that he was not guilty of having aided and abetted the kidnapping and felony-murder of Mr Rich because he mentally as well as physically abandoned his association with those five persons long before they physically assaulted, then murdered Mr Rich.

(C) GROUND ONE OF HABEAS CORPUS WRIT

page 4

(5)  GROUND ONE of this federal habeas corpus writ is that the state trial court unfairly refused to provide a jury instruction on ABANDONMENT as the <u>requested</u> Defense Theory of the case.

(a)  That unfair refusal violated Petitioner's procedural due process and fair trial rights under the Fourteenth Amendment to the United States Constitution as determined by clearly established federal law following applicable United States Supreme Court precedent.

(b)  That unfair refusal prejudiced Petitioner's jury trial by depriving him of a legitimate defense to the charges for which he stood trial and by causing his case to be decided by an improperly instructed jury.

(c)  The outcome of Petitioner's jury trial would have been different since he would not have been found guilty of the charges for which he stood trial if the trial court would have given his requested jury instructions on ABANDONMENT as the Defense Theory of the case.

(d)  The decisions by Michigan courts denying relief on that GROUND ONE are contrary to clearly established federal law regarding the <u>duty</u> of a trial court to <u>instruct</u> on a <u>requested</u> Defense Theory of the case that is <u>supported</u> by <u>any</u> evidence.

page 5

(e)   Moreover, those Michigan appellate decisions are based on a plainly unreasonable determination of the facts and corresponding evidence presented by Petitioner during his jury trial.

(f)   The United States Supreme Court precedent for GROUND ONE of Petitioner's habeas corpus writ is <u>Matthews</u> v <u>US</u>, 485 US 58, 65, 108 SCt 883, 887-888, 99 LEd2d 54 (1988). In that case, the United States Supreme Court stated that: "Generally, a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor."

(g)   ABANDONMENT is a legitimate legal defense in the State of Michigan. <u>Hill</u> v <u>Hofbauer</u>, 195 FSupp2d 871, 886 (CA6, 2001)("Abandonment of a criminal enterprise before the elements of the charged crime are committed is recognized as a defense under Michigan law."), affirmed at <u>Hill</u> v <u>Hofbauer</u>, 337 F3d 706 (CA6, 2003).

(h)   In the case at bar, Petitioner produced evidence during his jury trial that he actually abandoned the incident involving Mr Rich long <u>before</u> the elements of kidnapping and felony-murder had been committed by any of those other five persons who were the principles.

page 6

(i) In <u>Iochian</u> v <u>US</u>, 976 F2d 1257, 1261 (CA9, 1992), the Court stated that: "Withdrawal is traditionally a defense to crimes of complicity such as conspiracy and aiding and abetting." That Court cited <u>Hyde</u> v <u>US</u>, 225 US 347, 360-370, 32 SCt 793, 803, 56 LEd 1114 (1912)("Defendant was not liable for fraudulent acts committed during period in which he had withdrawn from fraudulent scheme.").

(j) In <u>US</u> v <u>Garner</u>, 529 F2d 962 (CA6, 1976), it was held that the trial court committed reversible error in refusing to instruct the jury on defendant's theory of the case and, in so holding, stated the following: "It is reversible error for trial court to refuse to present adequately defendant's theory of the case even where supporting evidence for such theory is weak or of doubtful credibility." The <u>Garner</u> Court, at page 970, cited <u>Tatum</u> v <u>US</u>, 190 F2d 612, 617 (1951), which states the following:

> "We do not intent to characterize the case for defendant as either strong or weak. That is unnecessary, for 'in criminal cases the defendant is entitled to have presented instructions relating to a theory of defense for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility'. He is entitled to have such instruction even though the sole testimony in support of the evidence is his own."

(k) It is here necessarily emphasized that **sufficiency** of evidence does not determine whether or not a jury instruction ought

to be given by the trial court as a requested defense theory of the case. US v Riffe, 28 F3d 565 (CA6, 1994)(inmate was entitled to duress instruction in spite of fact that there was sufficient evidence to support defendant's conviction). Note further:

> "It is elementary law that the defense in a criminal case is entitled to have presented instructions relating to a theory of the defense for which there is any foundation in the evidence . . . . A charge is erroneous which ignors a claimed defense with such foundation . . . . The charge to which he is entitled, upon proper request, insofar as such circumstances is one which percisely and specificially, rather than merely generally or abstractly, points to his theory of defense . . . . and one which does not unduly emphasize the theory of the prosecution, thereby deemphasizing proportionally the defendant's theory." US v Lester, 541 F2d 499, 502 (CA5, 1976).

> "If the trial judge evaluates or screens the evidence supporting a proposed defense, and upon such evaluation declines to charge on that defense, he dilutes the defendant's jury trial by removing the issue from jury consideration. In effect, the trial judge directs a verdict on that issue against defendant. This is impermissible." Strauss v US, 376 F2d 416 (CA5, 1967).

(1) Furthermore, "plain error" is committed when a state trial court unduly refuses to instruct a jury on a defendant's requested defense theory of the case. E g: US v Young, 464 F2d 160, 164 (CA5, 1972). See further: US v Newcomb, 6 F3d 1129 (CA6, 1993):

> "Held that defendant produced sufficient evidence to warrant giving instruction on justification defense."
>
> "Refusal to give requested instruction is reversible error only if the instructions are correct statements of law, instructions are not substantially covered by other delivered charges, and failure to give instructions impairs defendant's theory of the case."
>
> "Although jury instructions should not be given if it lacks evidenciary support or is based upon mere suspicion or speculation, so long as there is even weak supporting evidence, trial court commits reversible error in criminal case when it fails to give adequate presentation of theory of defense."

(D)   GROUND TWO OF HABEAS CORPUS WRIT

(6)   GROUND TWO presented in Petitioner's federal habeas corpus writ is that Michigan convicted Petitioner of aiding and abetting kidnapping as well as felony-murder without proving each element of those two criminal offenses (i e: without proving 'specific intent') because the prosecution presented insufficient evidence that Petitioner had the 'specific intent' to commit either of those crimes as an aider and abettor.

(a)   Petitioner states that those convictions prejudicially violates his procedural due process and fair trial rights under the Fourteenth Amendment to the United States Constitution as

page 9 of 17

determined by clearly established federal law following United States Supreme Court precedent.

(b) The decisions by Michigan courts denying relief on that GROUND TWO are contrary to clearly established federal law regarding the state's duty to prove each element of a criminal offense beyond a reasonable doubt.

(c) Also, those Michigan appellate decisions are based on a plainly unreasonable determination of the facts and corresponding evidence presented during Petitioner's jury trial.

(d) The United States Supreme Court precedent for GROUND TWO in In re Winship, 397 US 358, 364, 90 SCt 1068, 1072, 25 LEd2d 368 (1970), which in part states that: "In a criminal prosecution, the government bears the burden of proving beyond a reasonable doubt every element necessary to convict a defendant."

(e) "Drawing an exact line of sufficient participation to support a conviction for aiding and abetting is difficult if not impossible." US v Ledezma, 26 F3d 636, 641 (CA6, 1994).

(f) In US v Brown, 151 F3d 476, 486 (CA6, 1998), the Court in part held that:

page 10 of 17

> "To be found guilty of the crime of aiding and abetting a criminal venture, a defendant must associate himself with the venture in a manner whereby he participates in it as something that he wishes to bring about and seeks by his acts to make succeed."
>
> "Participation is willful if done voluntarily and intentionally and with the specific intent to do something which the law forbids or with the specific intent to fail to do something which the law requires to do done, that is to say, with bad purpose either to disobey or disregard the law."
>
> "There must be evidence that the defendant shared in the criminal intent of the principle."

(g) "Before a conviction for aiding and abetting can be upheld, it is essential that the jury find all essential elements of the underlying crime were committed by someone." US v Horton, 847 F2d 313, 322 (CA6, 1988). Please note:

> "To aid and abet means intentionally to help someone else commit a crime. This means that the government must prove beyond a reasonable doubt that defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him." Ferrera v US, 384 FSupp2d 384, 424 (D Mass 2005).
>
> "Knowledge that a crime is being committed, even when coupled with presence at the scene, is generally not enough to support a conviction of aiding and abetting." US v Bryant, 461 F2d 912, 920 (CA6, 1972).
>
> "Some evidence that supported one defendant's conspiracy conviction did not support his conviction for aiding and abetting." US v Ledezma, 26 F3d 636, 641-643 (CA6, 1994).
>
> US v Loder, 23 F3d 586, 591 (CA1, 1994)(insufficient evidence to support conviction of aiding and abetting).

US v Joyce, 693 F2d 838, 841-843 (CA8, 1982)("There was insufficient evidence to establish that defendant engaged in conduct constituting a 'substantial step' toward commission of crime.").

Stewart v Wolfenbarger, 567 FSupp2d 959 (ED Mich 2008)("State appellate court's conclusion that sufficient evidence supported second degree murder conviction on aiding and abetting grounds was an unreasonable application of federal law.").

Juan H v Allen, 408 F3d 1262 (CA9, 2005)(evidence was insufficient to support murder and attempted murder convictions on prosecution theory of aiding and abetting).

(h) In US v Pearlstein, 576 F2d 531, 543 (CA3, 1978), and US v Superior Growers Supply, Inc, 982 F2d 173, 179 (CA6, 1992), it was held that "an unreasonable building of inferences" can not "establish aiding and abetting." Please note:

> "Charges of conspiracy are not to be made out by piling inference upon inference, thus fashioning what . . . [is] called a dragnet to draw in all substantive crimes. Furthermore, to establish the intent, the evidence of knowledge must be clear, not equivocal. This because charges of conspiracy are not to be made out by piling inference upon inferenace . . . ." Direct Sales Co v US, 319 US 703, 711, 63 SCt 1265, 1269, 87 LEd 1674, 1681 (1943).

---

FOOTNOTE 3: People v Atley, 392 Mich 298, 310 (1974)("Inferences may be drawn from established facts; but inferences may not be built upon inference.").
  E g: People v Seay, 422 Mich 863 (1985)(In lieu of granting leave to appeal, Court of Appeals and Recorder's Court judgments are reversed. There is no evidence in the record that defendant committed second-degree murder as principle or aider and abettor. Case remanded to Recorder's Court for entry of a judgment of acquittal.").

> "While the jury may draw reasonable inferences from direct or circumstantial evidence, an inference must be more than speculation and conjecture to be reasonable, and 'caution must be taken that the conviction not be obtained by piling inference on inference'. <u>US v Butler</u>, 494 F2d 1246, 1252 (CA10, 1974).

(i) The above federal legal precedent supports Petitioner's position that the prosecution failed to produce sufficient evidence on each element of **aiding and abetting** the kidnapping and felony-murder of Mr Rich by Petitioner.

(E) GROUND THREE OF HABEAS CORPUS WRIT

(7) GROUND THREE of Petitioner's federal habeas corpus writ is that Petitioner's procedural due process and fair trial rights were violated when the prosecution impermissibly appealed to sympathy of the jurors and denigrated defense counsel in the jury's presence.

(a) Those rights exists under the Fourteenth Amendment to the United States Constitution as determined by clearly established federal law following United States Supreme Court precedent. <u>Zinermon v Burch</u>, 494 US 113, 125-128, 110 SCt 975, 983, 108 LEd2d 100 (1990)("The Due Process Clause also encompasses a third type of protection, a guarantee of fair procedure.").

(b) The controlling United States Supreme Court precedent

for herein GROUND THREE is <u>Berger</u> v <u>US</u>, 295 US 78, 55 SCt 629, 79 LEd 1314 (1935); <u>US</u> v <u>Solivan</u>, 937 F2d 1146 (CA6, 1991)(prosecutorial misconduct in appealing to jury sympathy; citing Berger).

(c)   Respondent argues that the prosecutorial misconduct in this case was procedurally defaulted by Petitioner because defense counsel never objected at trial to that prosecutorial misconduct. However, please see:

> <u>Grits</u> v <u>Yani</u>, 501 F3d 743 (CA6, 2007)("Trial counsel's failure to object to prosecutor's improper and prejudicial statements constituted cause and prejudice to overcome state procedural bar; prosecutor's improper statements constituted prosecutorial misconduct; statements were prejudicial; statements were prejudicial; statements were not isolated; statements were deliberate; and evidence of guilt was not overwhelming.");
>
> <u>Boyle</u> v <u>Million</u>, 201 F3d 711 (CA6, 2000)(prosecutorial misconduct was not procedurally defaulted and prosecutor's improper and flagrant conduct warranted 2254 relief);
>
> <u>Charles</u> v <u>Anderson</u>, 610 F2d 417, 419 (CA6, 1979)("Michigan appellate courts have held repeatedly that the failure to object at trial does not foreclose them from considering alleged constitutional violations.").

(d)   Applicable federal law clearly proves that GROUND THREE of Petitioner's federal habeas corpus writ divulges egregious acts of prosecutorial misconduct which rendered Petitioner's jury trial fundamentally unfair and requires federal habeas corpus relief.

Please see:

> Martin v Parker, 11 F3d 613, 617 (CA6, 1993)("Where, as here, the evidence of guilt is at best conflicting, egregious prosecutorial misconduct of this kind rises to the level of a constitutional deprivation, denying the defendant a fundamentally fair trial."); US v Bess, 593 F2d 749, 755 (CA6, 1979); Gravley v Mills, 87 F3d 779, 785, 700-701 (CA6, 1996); US v Carroll, 678 F2d 1208 (CA4, 1982); US v Pearson, 746 F2wd 787, 796 (CA11, 1984); US v Schuler, 813 F2d 978 (CA9, 1987).
>
> US v Payne, 2 F3d 706 (CA6, 1993)(prosecution comments were prejudicial misconduct requiring reversal); US v Daniel, 422 F2d 816 (CA6, 1970).

(F) GROUND FOUR OF HABEAS CORPUS WRIT

(8) GROUND FOUR of Petitioner's federal habeas corpus writ is that he was prejudicially denied his Sixth Amendment right to effective assistance of trial counsel, as determined by clearly established federal law following United States Supreme Court precedent, where that counsel's deficient performance rendered Petitioner's jury trial fundamentally unfair by having inexcusably and unreasonably failed to object at trial to several grave acts of prosecutorial misconduct divulged under Petitioner's GROUND THREE.

(a) Respondent's ANSWER argues that such ineffective assistance of trial counsel does not require reversal of Petitioner's convictions. That claim lacks any arguable merit; see:

> Joseph v Coyle, 469 F3d 441 (CA6, 2006)(defense counsel's failure to object in kidnapping case was ineffective assistance of counsel that resulted in prejudice to defendant); Combs v Coyle, 205 F3d 269 (CA6, 2000)(held that defense counsel's failure to object to obvious and grave constitutional violations constituted ineffective assistance of counsel); Washington v Hofbauer, 228 F3d 689 (CA6, 2000)(counsel was ineffective in failing to object to prosecutorial misconduct); Lucas v O'Dea, 179 F3d 412 (CA6, 1999)(counsel's failure to object constituted ineffective assistance which also constituted cause sufficient to excuse procedural default); Groseclose v Bell, 130 F3d 1161, 1169-1171 (CA6, 1997)(failure to object was deficient performance by defense trial counsel).

(G)  CONCLUSION OF PETITIONER'S 28 USC 2248 RESPONSE

(9)  THEREFORE, in light of the foregoing, Petitioner requests that this Court grant Petitioner relief pursuant to 28 USC 2254. Please finally note:

> "The Supreme Court itself admonished against giving undue weight to even overwhelming evidence of guilt, stating that errors affecting the substantial rights of defendants cannot be considered harmless." Harrington v California, 395 US 250, 254, 89 SCt 1726, 1728, 23 LEd2d 284 (1969);

> "If one cannot say, with fair assurance, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not violated. And if a judge is in grave doubt as to whether a constitutional error had a substantial effect on a jury, that error is not harmless and petitioner must win." Kotteakos v US, 328 US 750, 776, 66 SCt 1239, 1248, 90 LEd 1557 (1946); O'Neal v McAninch, 115 SCt 992, 995, 130 LEd2d 947 (1995).

(10) Petitioner declares and signature-verifies that the foregoing on pages 1 - 16 is true and correct as well as is based on his personal knowledge, information and belief.

RESPECTFULLY SUBMITTED BY **PRO SE** PROCEEDING

PETITIONER: _____

MR JAMES CUNNINGHAM

PENAL NO: 603218

EARNEST C BROOKS CORRECTIONAL FACILITY (LRF)

2500 S SHERIDAN DRIVE

MUSKEGON HEIGHTS, MICHIGAN  49444

*P. Cummings*
*Notary Public, Muskegon County, MI*
*My Commission Expires 5/7/2015*

Petitioner's above signature was verified by me this 21 day of May 2009.

NOTARY PUBLIC'S SIGNATURE & STAMP: _____

COPY FOR USDC CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



F I L E D

MAY 2 7 2009

CLERK'S OFFICE
DETROIT

JAMES CUNNINGHAM,

       Petitioner,

v

MARY BERGHUIS

       Respondent.

_____/

USDC CN 5:08-CV-14283

HONORABLE JOHN CORBETT O'MEARA
USDC JUDGE

HONORABLE PAUL J KOMIVES
USDC MAGISTRATE JUDGE

***VERIFIED PLEADING

MONDAY, MAY 18, 2009

## PROOF OF SERVICE BY PETITIONER

Petitioner declares and signature-verifies under the penalty of perjury that on the notarized date given below he gave IRF staff two sealed, correctly addressed and sufficiently postaged legal envelopes for mailing that day to the USDC Clerk (ED, SD) and Michigan Assistant Attorney General Andrew I Shirvell, as well as which each contains FRCP required copies of the following: Cover letter; Proof Of Service; 28 USC 2248 RESPONSE BY PETITIONER TO RESPONDENT'S ANSWER OPPOSING HABEAS CORPUS WRIT.

PETITIONER'S SIGNATURE: _____
MR JAMES CUNNINGHAM, PRISON NO: 603218
EARNEST C BROOKS CORRECTIONAL FACILITY (IRF)
2500 S SHERIDAN DRIVE, MUSKEGON HEIGHTS, MICHIGAN 49444

P. Cummings
Notary Public, Muskegon County, MI
My Commission Expires 5/7/2015

Petitioner's above signature was verified by me this 21 day of May 2009.

NOTARY PUBLIC'S SIGNATURE & STAMP: Cummings .

STAMP: _____ .